LATHAM & WATKINS LLP
  Perry J. Viscounty (Bar No. 132143)
  *perry.viscounty@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA  92626-1925
714.540.1235 / 714.755.8290 (Fax)

LATHAM & WATKINS LLP
  Jennifer L. Barry (Bar No. 228066)
  *jennifer.barry@lw.com*
  Patrick C. Justman (Bar No. 281324)
  *patrick.justman@lw.com*
12670 High Bluff Drive
San Diego, CA  92130
858.523.5400 / 858.523.5450 (Fax)

Attorneys for Plaintiff
ENTREPRENEUR MEDIA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ENTREPRENEUR MEDIA, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL DERMER, an individual; TLE ENTERPRISES, LLC a New Jersey limited liability company dba THE LONELY ENTREPRENEUR; and DOES 1-10,<br><br>Defendants. | CASE NO. 8:18-cv-01562<br><br>**Complaint For:**<br><br>**(1)  Trademark Infringement (Lanham  Act, 15 U.S.C. § 1114)**<br><br>**(2)  Unfair Competition/False Designation of Origin (Lanham Act, 15 U.S.C. § 1125(a))**<br><br>**(3)  Common Law Trademark Infringement**<br><br>**(4)  Common Law Unfair Competition**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

US-DOCS\102661927.2

COMPLAINT
DEMAND FOR JURY TRIAL

# COMPLAINT

## NATURE OF ACTION

1.      Plaintiff Entrepreneur Media, Inc. ("EMI") brings this complaint against Michael Dermer, TLE Enterprises, LLC, and Does 1-10 (collectively "Defendants") for (i) federal trademark infringement and false designation of origin, and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.* and (ii) common law trademark infringement and unfair competition under California law, and EMI alleges, with knowledge concerning its own acts and on information and belief as to all other matters (unless otherwise specifically stated), as follows:

## THE PARTIES

2.      EMI is a California corporation with its principal place of business at 18061 Fitch Avenue, Irvine, California 92614.

3.      Defendant Michael Dermer ("Dermer") is an individual that owns and operates a business that provides goods and services throughout the United States, including California and within this District, under THE LONELY ENTREPRENEUR mark.  Dermer resides at 336 Lexington Avenue, Apartment 5, New York, New York 10016.

4.      Defendant TLE Enterprises, LLC ("TLE") is a New Jersey limited liability company with a primary place of business at 336 Lexington Avenue, Apartment 5, New York, New York 10016.

5.      At all relevant times, Dermer was, as applicable, the principal, owner, director, officer, managing member, shareholder, member, central figure, and/or the representative of TLE, and he authorized, approved, directed, controlled, ratified, participated in, instigated, and/or was otherwise the moving, active, central, and/or conscious force or figure behind the unlawful activity alleged herein.

6.      At all relevant times, TLE was the alter ego of Dermer because there

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\102661927.2

1

COMPLAINT
DEMAND FOR JURY TRIAL

is a unity of interest and ownership between them, such that their separate personalities no longer existed and any failure to disregard the corporate form would result in a fraud or injustice.

7.     Does 1-10 are persons or entities responsible in whole or in part for the wrongdoing alleged herein ("Doe Defendants").  Each of the Doe Defendants participated in, ratified, endorsed, and/or was otherwise involved in the acts complained of, and they have liability for such acts.  EMI will amend this Complaint if and when the identities of such persons or entities and/or the scope of their actions become known.

8.     At all relevant times, Defendants acted as the principal, agent, and/or representatives of each of the other Defendants.  Any action by one of the Defendants was within the course and scope of the agency relationship between the Defendants and was with the permission, ratification, and/or authorization of each of the other Defendants.

9.     Defendants conduct business throughout the United States, including California and within this District, using THE LONELY ENTREPRENEUR mark.

10.     As fully detailed below, Defendants use THE LONELY ENTREPRENEUR mark and the ENTREPRENEUR INTELLIGENCE marks (collectively referred to as the "Infringing Entrepreneur Marks") in such a manner that violates EMI's longstanding and strong rights in the ENTREPRENEUR® mark.

## JURISDICTION AND VENUE

11.     Pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a), this Court has subject matter jurisdiction over EMI's claims for relief for violation of the Lanham Act.  Pursuant to 28 U.S.C. § 1338(b), this Court has supplemental jurisdiction over EMI's state law trademark infringement claim because it is joined with substantial and related claims under the Lanham Act.  This Court also has supplemental jurisdiction over EMI's state law claims pursuant to 28 U.S.C.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\102661927.2

2

COMPLAINT
DEMAND FOR JURY TRIAL

§ 1367(a) because all of EMI's claims arise out of a common nucleus of operative facts.

12.    This Court has personal jurisdiction over Defendants because Defendants have (a) conducted substantial business in the State of California and this District by advertising, targeting, offering, selling, and providing their goods/services to residents of this District; (b) derived financial benefits from residents of the State of California by doing so; (c) purposefully availed themselves of the privilege of conducting business within the State of California; (d) sought protection and benefits from the laws of the State of California; and (e) the causes of action arise from the Defendants' activities within and actions targeted at the State of California.

13.    Venue in this Court exists under § 1391(b)(2) as a substantial part of the events giving rise to EMI's claims occurred within this District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### EMI and Its Successful ENTREPRENEUR® Brand

14.    For over forty years, EMI (together with its predecessor companies) has published magazines and books, which provide editorial content and other information, as well as offered products and services related, or of interest, to businesses, business owners, and prospective business owners.

15.    EMI's longstanding marketing and sales efforts have been conducted primarily under the mark ENTREPRENEUR® (the "ENTREPRENEUR Mark").

16.    EMI is the publisher of ENTREPRENEUR® magazine and other publications incorporating the ENTREPRENEUR name in their titles. ENTREPRENEUR® magazine is published ten times per year with a current print and digital paid circulation, including both subscriptions and single-copy sales, of more than 517,500 in the United States and worldwide.

17.    ENTREPRENEUR® magazine routinely features articles about and interviews with some of the biggest names in the business community, including

Jeff Bezos (founder, chairman, and CEO of Amazon), Venus Williams (tennis icon), and Reid Hoffman (co-founder of LinkedIn):

  

18.     ENTREPRENEUR® magazine also annually publishes, and has continuously published for over thirty years, the highly anticipated Franchise 500® ranking of America's top franchises using EMI's top-secret formula:



19.     EMI also publishes and distributes within the United States and worldwide over 200 book titles under the ENTREPRENEUR Mark and ENTREPRENEUR PRESS® in print:



LATHAM&WATKINS
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\102661927.2

4

COMPLAINT
DEMAND FOR JURY TRIAL

20. EMI also conducts seminars, workshops, and other educational programs geared towards teaching others to successfully start and operate businesses. These events have included: (i) the *Entrepreneur® Masters & Mentors* seminar series sponsored by Cathay Pacific and Nissan, (ii) *Entrepreneur® Magazine's GrowthCon* conference sponsored by Canon USA, and (iii) the *Entrepreneur 360™*, a conference sponsored by The Lincoln Motor Company, Canon USA, AXA Financial, and American Airlines.

21. EMI operates a number of websites to further disseminate and market its content and services, including *entrepreneur.com*, *entrepreneurnetwork.com*, and various social media channels and mobile apps.

22. The website at *entrepreneur.com* has recently averaged more than thirteen million unique users and more than thirty-four million page views per month.

23. EMI has also launched apps for iPhones/ iPads and Android:



24. EMI offers a variety of podcasts, including a podcast offered through *entrepreneur.com*, and a podcast under the ENTREPRENEUR mark on iTunes, as well as other outlets:



LATHAM&WATKINS™   US-DOCS\102661927.2
ATTORNEYS AT LAW
ORANGE COUNTY

COMPLAINT
DEMAND FOR JURY TRIAL

25. EMI's fame and high-quality content and services have resulted in numerous co-branding business relationships with some of the top names in news and business. These co-branding relationships have most recently included: (i) contests sponsored by General Motors and Canon USA; (ii) content provided and branded by CNBC, Reuters, NFL Players Association, and Business Insider; (iii) Princeton Review (ranking top entrepreneurial schools); (iv) Great Place to Work® (annual Best Small & Medium Workplaces rankings); (v) Palo Alto Software (Entrepreneur Magazine's Business Plan Pro® software); and (vi) an online forms and documents service with SeamlessDocs.

26. Most recently and in particular, EMI has: (i) partnered with Steve Case's *Rise of the Rest*™, a nationwide program to promote entrepreneurship in start-up ecosystems within middle America; (ii) hosted a contest with Canon USA under the rubric *Project Grow Challenge*, in which businesses were awarded money based on how they proposed to grow their businesses through increased productivity and consumer awareness; and (iii) partnered with Chivas Brothers Limited as its exclusive media content partner, in connection with and support of Chivas' annual event known as *The Venture*, a worldwide competition to discover, celebrate, and award with investment dollars extraordinary startup businesses creating positive social change.

27. Through careful cultivation of its various products and services, EMI has developed an outstanding reputation as an innovator in the field of business start-ups and strategy and has established an extremely loyal customer following.

28. EMI has received a tremendous amount of public recognition and acclaim for the products sold and services provided under its ENTREPRENEUR Mark. Through EMI's widespread and continuous use of the ENTREPRENEUR Mark, it has acquired extensive goodwill, developed a high degree of distinctiveness, and become famous, well known, and recognized as identifying goods and services that originate from EMI.

29.    The fame and quality of the products and services bearing the ENTREPRENEUR Mark have been widely recognized through industry awards and commendations.  For example, *ENTREPRENEUR* magazine was a finalist in two categories in Folio's 2010 Eddie & Ozzie magazine awards, has been named one of the top performing magazines for four years in "Capell's Circulation Report," and has been honored for its content by receipt of the prestigious Maggie award in 2008, 2009, 2010, and 2011 from the Western Publishing Association. EMI's website at *entrepreneur.com* has been awarded "Outstanding Achievement in Web Development" by the Web Marketing Association, and its networking website under the ENTREPRENEUR CONNECT Mark was voted the #1 "Top 10 Social Networks for Entrepreneurs" by Mashable.com.  EMI has also received multiple Integrated Marketing Awards from MIN for its magazine and website, including being selected as an awards finalist in 2015.

30.    In addition, both ENTREPRENEUR® magazine and the *entrepreneur.com* website have been named to BtoB magazine's 2010, 2011, and 2012 lists of the top 50 media outlets for business-to-business advertising.  EMI's management and staff have also been recognized for their contributions to publishing and the media industry, including such awards and recognitions in 2015 as (i) Folio's designation of an EMI staff writer as one of the "Top Women in Media," and (ii) Fast Company's recognition on Twitter of EMI's Editor-in-Chief as one of the "25 Smartest Women in Media."

### EMI's Intellectual Property Rights

31.    EMI owns, and has obtained United States federal registrations for, the ENTREPRENEUR Mark, as well as a family of related marks incorporating the term ENTREPRENEUR, as follows:

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\102661927.2

7

COMPLAINT
DEMAND FOR JURY TRIAL

| TRADEMARK | CLASS:  GOODS/SERVICES | REG. NO. REG. DATE |
|---|---|---|
| ENTREPRENEUR | 16:  Paper goods and printed matter; namely, magazines, books, and published reports pertaining to business opportunities | 1,453,968 August 25, 1987 |
| ENTREPRENEUR | 35:  Advertising and business services, namely, arranging for the promotion of the goods and services of others by means of a global computer network and other computer online services providers; providing business information for the use of customers in the field of starting and operating small businesses and permitting customers to obtain information via a global computer network and other computer online service providers; and web advertising services, namely, providing active links to the websites of others | 2,263,883 July 27, 1999 |
| ENTREPRENEUR | 35:  Arranging and conducting trade show exhibitions in the field of entrepreneurial activities, namely, the start-up and operation of small business enterprises 41:  Educational services, namely, conducting seminars on the development and operation of businesses, and conducting workshops on computer technology, telecommunications, marketing, financing options, real estate management, tax planning, and insurance | 2,502,032 October 30, 2001 |
| ENTREPRENEUR | 38:  Streaming of video and digital material on the Internet | 4,260,948 December 18, 2012 |
| ENTREPRENEUR | 9:  Downloadable computer software and software for mobile devices for the reproduction, display, and distribution of digitized content | 4,345,424 June 4, 2013 |
| ENTREPRENEUR | 9: Pre-recorded audio and audiovisual recordings of programs concerning strategies and other how-to information about starting and successfully operating businesses, successful business owners and other information of interest to business owners and members of the general public interested in owning and operating a business, in the form of downloadable recordings 38: Streaming of audiovisual and multimedia content via the internet; transmission and delivery of audiovisual and multimedia content via the internet; video-on-demand transmission services; mobile media services in the nature of electronic transmission, wireless broadcasting and electronic delivery of audio, video and multimedia entertainment content, namely, text, data, images, audio, video, and audiovisual files provided via the internet; video broadcasting services over the internet or other communications network, | 5,256,907 August 1, 2017 |

| TRADEMARK | CLASS:  GOODS/SERVICES | REG. NO. REG. DATE |
|---|---|---|
| | namely, electronically transmitting video clips; internet broadcasting services; providing streaming of audio and video in the nature of programs concerning strategies and other how-to information about starting and successfully operating businesses, successful business owners and other information of interest to business owners and members of the general public interested in owning and operating a business, namely, audio, visual, and audiovisual matter for others via global computer networks; broadcasting and transmission of analog television, digital television, cable television, satellite television, pay television, interactive television, radio, and internet programs; broadcasting of internet programs via radio and television; broadcasting of programs provided over the internet; streaming audio, video, and audiovisual content, data and information on the Internet, communications networks and wireless telecommunications networks; providing video on-demand transmission of audio, video and audiovisual content, data and information; transmission of audio, video and audiovisual content, data and information on the Internet, communications networks and wireless telecommunications networks. 41: Entertainment services, namely, the production, presentation, distribution and syndication of on-going television, internet and non-downloadable audio and audiovisual recordings, all of the aforementioned concerning strategies and other how-to information about starting and successfully operating businesses, successful business owners and other information of interest to business owners and members of the general public interested in owning and operating a business | |
| ENTREPRENEUR BOOKSTORE | 35: Online ordering services featuring printed and electronically downloadable publications, namely, books, study guides, legal and business forms, and newsletters, concerning advice and information relating to starting and operating a business and other topics concerning and of interest to entrepreneurs, new and existing businesses, and members of the general public | 4,612,937 September 30, 2014 |
| ENTREPRENEUR PRESS | 16:  Paper goods and printed matter, namely, books, manuals, prepared reports, work books, study guides, legal and business forms, and newsletters concerning advice and information relating to the subjects of starting, running, and operating a business, and | 3,470,064 July 22, 2008 |

| TRADEMARK | CLASS: GOODS/SERVICES | REG. NO. REG. DATE |
|---|---|---|
| | individuals who succeeded in business, which subjects are of interest to entrepreneurs, new and existing businesses, and members of the general public 35: Online ordering services featuring printed and electronically downloadable publications, namely, books, study guides, legal and business forms, and newsletters, concerning advice and information relating to the subjects of starting, running, and operating a business and individuals who succeeded in business, which subjects are of interest to entrepreneurs, new and existing businesses and members of the general public | |
| Ep Entrepreneur Press | 16: Paper goods and printed matter, namely, books, manuals, prepared reports, work books, study guides, legal and business forms, and newsletters concerning advice and information relating to the subjects of starting, running and operating a business, and individuals who succeeded in business, which subjects are of interest to entrepreneurs, new and existing businesses, and members of the general public 35: Online ordering services featuring printed and electronically downloadable publications, namely, books, study guides, legal and business forms, and newsletters, concerning advice and information relating to the subjects of starting, running, and operating a business and individuals who succeeded in business, which subjects are of interest to entrepreneurs, new and existing businesses, and members of the general public | 3,470,063 July 22, 2008 |
| ENTREPRENEUR'S STARTUPS | 9: Downloadable computer software and software for mobile devices for the reproduction, display, distribution, and sharing of digitized content; downloadable electronic publications, namely, magazines in the fields of business, finance, sales, marketing, current events, lifestyle issues, and developments in science and technology | 4,532,577 May 20, 2014 |
| ENTREPRENEUR'S STARTUPS | 16: Paper goods and printed matter; namely, magazines, books, booklets, and published reports pertaining to business opportunities | 3,204,899 February 6, 2007 |
| ENTREPRENEUR 360 | 16: Annual featured issue of magazine featuring the achievements of successful non-franchise and privately-owned businesses and publications related thereto, providing information and incentive to others to pursue excellence in business pursuits by presenting awards on an annual basis, and promoting award | 5,052,999 October 4, 2016 |

| TRADEMARK | CLASS:  GOODS/SERVICES | REG. NO. REG. DATE |
|---|---|---|
| | recipients and providing recognition by the way of awards to demonstrate excellence in the field of business.<br>35:  Advertising and business services, namely, arranging for the promotion of the goods and services of others by means of a global computer network and other computer online services providers; providing business information to customers in the field of starting and operating non-franchise and privately-owned businesses by means of a global computer network and other computer online service providers; advertising services, namely, providing advertising space in a magazine featuring news and information concerning the field of non-franchise and privately-owned businesses; providing statistics, ratings, and rankings and other information capable of being updated on a continuing basis through an interactive database and about businesses which are not franchises and are privately-owned.<br>41:  Recognizing the achievements of successful non-franchise and privately-owned businesses and providing incentive to others to pursue excellence in business pursuits by presenting a wards on an annual basis and promoting award recipients; providing recognition by the way of awards to demonstrate excellence in the field of business; arranging and conducting educational  conferences; educational services, namely, developing,  arranging, and conducting educational conferences and programs and providing courses of instruction in the field of business administration and management | |

32.     The above marks are collectively referred to as the "EMI Marks." The above registrations are collectively referred to as the "EMI Registrations."

33.     EMI's three U.S. registrations for the ENTREPRENEUR Mark (Nos. 1,453,968; 2,263,883; 2,502,032) and several other of the foregoing registrations are also incontestable pursuant to 15 U.S.C. § 1065, which constitutes conclusive evidence of the registrations' validity, as well as EMI's entitlement to the exclusive use of the marks in commerce throughout the United States on the goods and services listed in the registrations.

34. Further, the EMI Registrations constitute prima facie evidence that the marks are valid, and that EMI is entitled to the exclusive use of the marks in commerce throughout the United States on the goods and services listed in the registrations.

35. EMI, and its predecessors in interest, have been and are now engaged in the business of developing, creating, distributing, marketing, advertising, and selling a wide variety of goods and services under the EMI Marks, and in particular under the ENTREPRENEUR Mark. In fact, EMI has used the ENTREPRENEUR Mark in commerce for over forty years, having first adopted that mark for magazines at least as early as May 2, 1978, and it is famous, well-known, and recognized as identifying goods and services that originate from EMI.

36. Through careful cultivation of its goods and services provided under the EMI Marks, and in particular the ENTREPRENEUR Mark, EMI has developed an outstanding reputation as an innovator in the field of business start-ups and strategy and has established an extremely loyal customer following. Through EMI's widespread and continuous use of its family of EMI Marks, these marks have acquired extensive goodwill, developed a high degree of distinctiveness, and become well-known and recognized as identifying goods and services that originate from EMI.

37. Numerous courts across the country have recognized the strength of the EMI Marks, including:

    i. The U.S. District Court for the Central District of California held that "[t]he extensive advertising and public recognition over the past 25 years have established [the ENTREPRENEUR® Mark] as a strong mark in the industry"; the ENTREPRENEUR® Mark "is a strong distinctive mark, deserving of significant protection"; and the ENTREPRENEUR Mark "has acquired secondary meaning."

*Entrepreneur Media, Inc. v. Smith*, No. 98-3607, 2004 U.S. Dist. Lexis 24078, *9–10, 13 (C.D. Cal. June 23, 2004).

ii.    The Ninth Circuit reviewed the District Court's findings and affirmed them on appeal. *Entrepreneur Media, Inc. v. Smith*, 101 Fed. App'x 212, 215 (9th Cir. 2004).

iii.    The U.S. District Court for the Central District of California has twice held on two separate occasions that "the ENTREPRENEUR Mark and EMI's related marks have developed a high degree of distinctiveness and become well-known and recognized as identifying goods and services that originate from EMI." *Entrepreneur Media, Inc. v. Entrepreneurs Opportunities, LLC*, No. 17-cv-01341-JVS-KES, Docket No. 20 (C.D. Cal., Jan. 14, 2018); *Entrepreneur Media, Inc. v. The Innovation Institute, et al*, No. 17-cv-2261-JVS-KES, Docket No. 23 (C.D. Cal., August 2, 2018) (finding the same).

iv.    The U.S. District Court for the District of Colorado held that "the EMI Marks, and in particular the ENTREPRENEUR® mark, have acquired extensive goodwill, developed a high degree of distinctiveness and secondary meaning, and become well known, famous, and recognized as identifying goods and services that originate from EMI, such that they are deserving of strong protection." *Entrepreneur Media, Inc. v. Spencer et al.*, No. 1:17-cv-01637-RBJ, Docket No. 20, at pg. 8 (D. Colo. Dec. 15, 2017).

v.    The U.S. District Court for the District of Connecticut has recognized that "the EMI Marks, and in particular the ENTREPRENEUR Mark, have acquired extensive goodwill, developed a high degree of distinctiveness and secondary meaning, and become well known and recognized as identifying goods and services that originate from EMI, such that they are deserving of strong protection." *Entrepreneur*

*Media, Inc. v. Whitehill et al.*, No. 13-cv-01819(MPS), Docket No. 19 (D. Conn. Aug. 19, 2015).

vi.   The U.S. District Court for the District of Maryland has twice recognized the EMI Marks as valid, strong, and distinctive. *Entrepreneur Media, Inc. v. JMD Entertainment Group, LLC, et al.*, No. RDB-12-1970, Docket No. 30 (D. Md. July 23, 2013); *id.*, Docket No. 47 (Apr. 7, 2014).

vii.   Both a Magistrate Judge and District Court Judge in the Eastern District of Virginia found the ENTREPRENEUR Mark to be distinctive. *Entrepreneur Media, Inc. v. seattleentrepreneur.com*, No. 11-00409, Docket No. 22 (E.D. Va. Dec. 6, 2011).

**Defendants' Unauthorized Use of EMI's Marks**

38.   Defendants own the *thelonelyentrepreneur.com* domain name and operate a website there using THE LONELY ENTREPRENEUR mark, as shown below:



39.   Under THE LONELY ENTREPRENEUR mark, Defendants offer lectures, training, and coaching services to entrepreneurs and small business owners in exchange for a monthly subscription fee.

40.   Defendants target their goods and services at this District by, among other things, targeting residents of this District as consumers, promoting THE

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\102661927.2

14

COMPLAINT
DEMAND FOR JURY TRIAL

LONELY ENTREPRENEUR mark in local media, and otherwise offering services under THE LONELY ENTREPRENEUR mark in this District.

41.    Defendants also advertise their services under THE LONELY ENTREPRENEUR mark on various social media platforms, such as Facebook, Twitter, and LinkedIn (collectively, the "Social Media Accounts"), as shown below:



(https://twitter.com/thelonelye?lang=en)



(https://www.facebook.com/TheLonelyEntrepreneur1/)



(https://www.linkedin.com/company/the-lonely-entrepreneur)

42. Defendants also promote THE LONELY ENTREPRENEUR mark and related goods and services on Dermer's social media accounts (the "Dermer Accounts"), as shown below:



(https://twitter.com/michaelgdermer?lang=en)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\102661927.2

16

COMPLAINT
DEMAND FOR JURY TRIAL



**Michael Dermer**
July 25 at 6:03 PM · MeetEdgar · 🌐

We've been in your shoes & know what it takes to succeed. We want to share this intelligence w/ you #entrepreneurs.

LONELYENTREPRENEUR.COM
**HOME**
GET THE INTELLIGENCE YOU NEED We Give You The Knowledge, Skills...

(https://www.facebook.com/michael.dermer.3)

**Michael Dermer**                    500+
                                       connections
Founder/CEO of The Lonely Entrepreneur and
The Dermer Group
Greater New York City Area
  Health, Wellness and Fitness

(https://www.linkedin.com/in/michaeldermer?trk=org-employees_mini-profile_cta)

43.    Defendants filed an intent-to-use application (App. No. 87/515408) with the United States Patent and Trademark Office ("USPTO") to register the ENTREPRENEUR INTELLIGENCE mark ("Infringing Application") for use with

the following services: "Developing training systems and learning methodologies for others" in class 41. Although filed on an intent-to-use basis, Defendants have commenced use of the ENTREPRENEUR INTELLIGENCE mark on the *thelonelyentrepreneur.com* domain name.

44. EMI opposed the Infringing Entrepreneur Mark on May 23, 2018 (Opp. No. 91241334), and that action remains pending before the USPTO.

45. Defendants also registered THE LONELY ENTREPRENEUR mark in Class 16 for "a series of books and written articles in the field of entrepreneurism." *See* Reg. No. 5,365,360 ("Infringing Registration").

46. In light of EMI's renown, online presence, and long history of providing goods and services under the ENTREPRENEUR Mark, EMI is very concerned that consumers will likely be confused and mistakenly believe that Defendants and their goods and/or services are endorsed, approved, or sponsored by, or affiliated, connected, or associated with, EMI.

47. Defendants will thus reap the benefits of EMI's reputation and goodwill based on this consumer confusion, to EMI's detriment.

48. EMI has attempted to reconcile its concerns with Defendants, but Defendants have refused to cease use of the Infringing Entrepreneur Marks or to withdraw the Infringing Entrepreneur Application.

49. Given Defendants' continuing use of the marks, EMI brought this suit to fully litigate and resolve the trademark issues between the parties.

<u>**EMI Is Harmed By Defendants' Continuing**</u>

<u>**Infringement & Unlawful Conduct**</u>

50. Defendants' continued use of the confusingly similar Infringing Entrepreneur Marks in commerce violates EMI's valuable intellectual property rights in the EMI Marks and EMI Registrations, and Defendants' knowing, intentional, willful, and malicious use of this mark is damaging to EMI and EMI's property.

51. Defendants have used the Infringing Entrepreneur Marks to unfairly usurp and capitalize on the value and goodwill of the EMI Marks and EMI Registrations, particularly the ENTREPRENEUR Mark. Defendants are aware of EMI's strong trademark rights and reputation in the marketplace, but nevertheless, use the Infringing Entrepreneur Marks to profit from the goodwill associated with the EMI Marks and EMI Registrations.

52. Defendants have intentionally and knowingly capitalized off of confusion between EMI's mark and the Infringing Entrepreneur Marks, including by providing content almost identical to EMI's content, as described above.

53. Due to Defendants' continuing willful infringement and unlawful conduct, EMI is now forced to bring this Complaint to protect its valuable and longstanding intellectual property rights. EMI had to retain counsel and incur substantial fees and costs (and it continues to incur those fees and costs) to prosecute this suit and pursue its claims.

54. EMI's interest in protecting its intellectual property rights and its products and services from consumer confusion outweigh any harm to Defendants. The public interest is best served by granting EMI's requested relief against Defendants.

## FIRST CLAIM FOR RELIEF

### Federal Trademark Infringement – 15 U.S.C. § 1114

55. EMI incorporates by reference the factual allegations set forth above.

56. EMI owns the EMI Marks and the EMI Registrations. The trademarks reflected in the EMI Registrations are strong and distinctive and designate EMI as the source of all products and services advertised, marketed, sold, or used in connection with the EMI Marks. In particular, the ENTREPRENEUR Mark has been used for over forty years and has been recognized by federal courts as a strong and distinctive mark.

57.   EMI is the senior user of the EMI Marks as it began use of those marks in interstate commerce prior to Defendants' first use of the confusingly similar Infringing Entrepreneur Marks.

58.   Defendants do not have authorization, license, or permission from EMI to market and sell their products and services under the Infringing Entrepreneur Marks, which are confusingly similar to the EMI Marks, including the ENTREPRENEUR Mark, and are used with products and services that are identical and/or closely related to the particular products and services associated with the EMI Marks, particularly the ENTREPRENEUR Mark.

59.   Defendants were aware of the EMI Marks, particularly the ENTREPRENEUR Mark, as Defendants were on constructive notice based on EMI's longstanding federal registrations, as well as on actual notice based on EMI's numerous communications to Defendants about this matter.  Yet, Defendants continued to use the Infringing Entrepreneur Marks.  Thus, Defendants' unauthorized use of the confusingly similar Infringing Entrepreneur Marks was and is knowing, intentional, and willful.

60.   As a direct and proximate result of Defendants' wrongful conduct, EMI has been and will continue to be damaged.

61.   Defendants' actions therefore constitute trademark infringement.

62.   Unless an injunction is issued enjoining any continuing or future use of the confusingly similar Infringing Entrepreneur Marks by Defendants, such continuing or future use is likely to continue to cause confusion, mistake, or deception as to source, origin, affiliation, or sponsorship, and will thereby irreparably damage EMI.

63.   Defendants' activities have caused and will continue to cause irreparable harm to EMI, for which it has no adequate remedy at law, because: (i) the EMI Marks, and in particular the ENTREPRENEUR Mark, comprise unique and valuable property rights that have no readily determinable market value;

LATHAM&WATKINS™ US-DOCS\102661927.2
ATTORNEYS AT LAW
ORANGE COUNTY

20

COMPLAINT
DEMAND FOR JURY TRIAL

(ii) Defendants' infringement constitutes interference with EMI's goodwill and customer relationships and is harming and will continue to substantially harm EMI's reputation as a source of high-quality goods and services; and (iii) Defendants' wrongful conduct, and the damages resulting to EMI, are continuing. Accordingly, EMI is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

64. Pursuant to 15 U.S.C. §1117(a), EMI is entitled to an order: (i) requiring Defendants to account to EMI for any and all profits derived from its infringing actions, to be increased in accordance with the applicable provisions of law; and (ii) awarding all damages sustained by EMI that were caused by Defendants' conduct.

65. Defendants' conduct was and is intentional and without foundation in law, and, pursuant to 15 U.S.C. § 1117(a), EMI is therefore entitled to an award of enhanced damages against Defendants.

66. Defendants' acts make this an exceptional case under 15 U.S.C. § 1117(a); thus EMI is entitled to an award of attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

### Federal Unfair Competition/False Designation of Origin – 15 U.S.C. § 1125(a)

67. EMI incorporates by reference the factual allegations set forth above.

68. The EMI Marks, and in particular the ENTREPRENEUR Mark, are strong and distinctive and designate EMI as the source of all goods and services advertised, marketed, sold, or used in connection with those marks. In addition, by virtue of EMI's decades of use of the ENTREPRENEUR Mark in connection with its products and services, and its extensive marketing, advertising, promotion, and sale of its products and services under that mark and the EMI Marks, the EMI Marks, including in particular the ENTREPRENEUR Mark, have acquired secondary meaning, whereby the consuming public of this District, the State of

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\102661927.2

21

COMPLAINT
DEMAND FOR JURY TRIAL

California, and the United States associate the EMI Marks with a single source of products and services.

69.    EMI is the senior user of the EMI Marks as it began use of those marks in interstate commerce prior to Defendants' first use of the confusingly similar Infringing Entrepreneur Marks.

70.    Defendants were aware of the EMI Marks, and in particular, the ENTREPRENEUR Mark because Defendants were on constructive notice based on EMI's longstanding federal registrations, as well as on actual notice based on EMI's numerous communications to Defendants about this matter.  Yet, Defendants continued to use the Infringing Entrepreneur Marks.  Thus, Defendants' unauthorized use of the confusingly similar Infringing Entrepreneur Marks was and is knowing, intentional, and willful.

71.    Through its use of the confusingly similar Infringing Entrepreneur Marks, Defendants intended to, and did in fact, confuse and mislead consumers into believing, and misrepresented and created the false impression, that EMI somehow authorized, originated, sponsored, approved, licensed, or participated in Defendants' use of the confusingly similar Infringing Entrepreneur Marks.

72.    In fact, there is no connection, association, or licensing relationship between EMI and Defendants, nor has EMI ever authorized, licensed, or given permission to Defendants to use the confusingly similar Infringing Entrepreneur Marks in any manner.

73.    Defendants' use of the confusingly similar Infringing Entrepreneur Marks will likely cause confusion as to the origin and authenticity of Defendants' website, and related goods and services and will likely cause others to believe that there is a relationship between Defendants and EMI when there is, in fact, not.

74.    As a direct and proximate result of Defendants' wrongful conduct, EMI has been and will continue to be damaged.

75. Defendants' actions thus constitute false designation of origin and unfair competition.

76. Defendants' activities have caused, and will continue to cause, irreparable harm to EMI, for which it has no adequate remedy at law, in that: (i) the EMI Marks, including the ENTREPRENEUR Mark, comprise unique and valuable property rights that have no readily determinable market value; (ii) Defendants' infringement constitutes interference with EMI's goodwill and customer relationships and will substantially harm EMI's reputation as a source of high-quality goods and services; and (iii) Defendants' wrongful conduct, and the damages resulting to EMI, are continuing. Accordingly, EMI is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

77. Pursuant to 15 U.S.C. §1117(a), EMI is entitled to an order: (i) requiring Defendants to account to EMI for any and all profits derived from its actions, to be increased in accordance with the applicable provisions of law; and (ii) awarding all damages sustained by EMI that were caused by Defendants' conduct.

78. Defendants' conduct was and is intentional and without foundation in law, and pursuant to 15 U.S.C. § 1117(a), EMI is therefore entitled to an award of enhanced damages against Defendants.

79. Defendants' acts make this an exceptional case under 15 U.S.C. § 1117(a); thus EMI is entitled to an award of attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF

### Common Law Trademark Infringement

80. EMI incorporates by reference the factual allegations set forth above.

81. EMI has valid and protectable common law rights in the EMI Marks.

82. EMI is the senior user of the EMI Marks.

83. Defendants' conduct constitutes infringement of EMI's common law rights in the EMI Marks.

84.   Defendants' use of the confusingly similar Infringing Entrepreneur Marks on unauthorized goods and services is likely to cause confusion as to the origin of Defendants' goods and services and is likely to cause others to believe that there is a relationship between Defendants and EMI.

85.   Defendants' wrongful acts have permitted and will permit them to receive substantial profits based upon the strength of EMI's reputation and the substantial goodwill it has built up in the EMI Marks.

86.   As a direct and proximate result of Defendants' wrongful conduct, EMI has been and will continue to be damaged.

87.   Unless an injunction is issued enjoining any continuing or future use of the EMI Marks by Defendants, such continuing or future use is likely to continue to cause confusion and thereby irreparably damage EMI.  EMI has no adequate remedy at law.  Accordingly, EMI is entitled to an injunction.

## FOURTH CLAIM FOR RELIEF

### Common Law Unfair Competition

88.   EMI incorporates by reference the factual allegations set forth above.

89.   EMI has expended significant time and expense in developing the EMI Marks and the high-quality products and services it markets and sells under those marks.  The EMI Marks have been very successful and have developed a substantial reputation and goodwill in the marketplace.

90.   Through their wrongful conduct, Defendants have misappropriated EMI's efforts and are exploiting the EMI Marks and EMI's reputation to market and sell their services under the Infringing Entrepreneur Marks.  These actions constitute unfair competition.

91.   As a direct and proximate result of Defendants' wrongful conduct, EMI has been and will continue to be damaged.

LATHAM&WATKINS™ US-DOCS\102661927.2
ATTORNEYS AT LAW
ORANGE COUNTY

24

COMPLAINT
DEMAND FOR JURY TRIAL

92.    Unless an injunction is issued enjoining Defendants' unfairly competitive conduct, EMI will continue to be damaged irreparably.  EMI has no adequate remedy at law.  Accordingly, EMI is entitled to an injunction.

93.    Defendants have acted willfully, intentionally and maliciously, such that EMI is entitled to punitive damages.

## PRAYER

WHEREFORE, EMI prays for the following relief:

A.    An injunction ordering Defendants, and their officers, directors, members, agents, servants, employees, and attorneys, and all other persons acting in concert or participating with them (collectively, the "Enjoined Parties"), who receive actual notice of the injunction order by personal or other service, to:

> i.    cease all use and never use THE LONELY ENTREPRENEUR or ENTREPRENEUR INTELLIGENCE marks, the EMI Marks, or any other mark likely to cause confusion with the EMI Marks, including any misspelling or variation of those marks, with any products or services, or in connection with the, advertising, marketing or other promotion, distribution, offering for sale, or sale, of any products or services, including on the Social Media Accounts and the Dermer Accounts;

> ii.    never use any false designation of origin, false representation, or any false or misleading description of fact, that can, or is likely to, lead the consuming public or individual members thereof, to believe that any products or services produced, offered, promoted, marketed, advertised, provided, sold or otherwise distributed by the Enjoined Parties is in any manner associated or connected with EMI, or are licensed, approved, or authorized in any way by EMI;

LATHAM&WATKINS┉┉
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\102661927.2

25

COMPLAINT
DEMAND FOR JURY TRIAL

iii.    never represent, suggest in any fashion to any third party, or perform any act that may give rise to the belief, that the Enjoined Parties, or any of their products or services, are related to, authorized, or sponsored by EMI;

iv.    never register any domain name that contains any of the EMI Marks or any misspelling or variation of those Marks, or any domain name confusingly similar to any of the EMI Marks;

v.    transfer to EMI all domain names in the Enjoined Parties' possession, custody, or control that include the word "entrepreneur" or any misspelling or variation thereof, are otherwise confusingly similar to or contain any of the EMI Marks, or were used in connection with the Infringing Entrepreneur Marks, including but not limited to the *thelonelyentrepreneur.com* domain name;

vi.    cease all use of the Social Media Accounts and any similar accounts or social media websites, and never register any social media account that contains any of the EMI Marks, or any misspelling or variation of those Marks, or any other social media account confusingly similar to any of the EMI Marks;

vii.    transfer to EMI the Social Media Accounts, which were used to promote THE LONELY ENTREPRENEUR or ENTREPRENEUR INTELLIGENCE marks, including all such accounts in Defendants' possession, custody, or control that include the word "entrepreneur" or any misspelling or variation thereof, or are otherwise confusingly similar to or contain any of the EMI Marks;

viii.    never unfairly compete with EMI in any manner whatsoever, or engage in any unfair, fraudulent, or deceptive business practices

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\102661927.2

26

COMPLAINT
DEMAND FOR JURY TRIAL

that relate in any way to the production, distribution, marketing, and/or sale of products and services bearing any of the EMI Marks or any other mark likely to cause confusion with the EMI Marks, including any misspelling or variation of those Marks;

    ix.    expressly withdraw with prejudice the Infringing Application;

    x.    expressly abandon with prejudice the Infringing Registration; and

    xi.    never apply for or seek to register THE LONELY ENTREPRENEUR or ENTREPRENEUR INTELLIGENCE marks, any of the EMI Marks, or any other mark likely to cause confusion with the EMI Marks, including any misspelling or variation of those Marks.

B.    An order pursuant to 15 U.S.C. § 1116(a), directing the Enjoined Parties to file with the Court and serve upon EMI's counsel, within thirty (30) days after service of the order of injunction, a report in writing under oath setting forth in detail the manner and form in which the Enjoined Parties have complied with the injunction.

C.    An order, pursuant to 15 U.S.C. § 1118, requiring Defendants to deliver and destroy within thirty days all advertising, packaging, goods, and other materials bearing the Infringing Entrepreneur Marks.

D.    An order, pursuant to 15 U.S.C. §1119, directing the USPTO to cancel the Infringing Registration.

E.    To give practical effect to the Court's injunction, the social networking service or entity (*e.g.*, Facebook) related to any of the social media accounts subject to this Order shall, within fourteen (14) days of receipt of the Order, transfer those subject accounts to EMI if the Enjoined Parties have not

already done so or otherwise disable such accounts and remove all content therefrom.

F.    To give practical effect to the Court's injunction, an order that the Registry or Registrar for any of the foregoing domain names shall, within fourteen (14) days of receipt of the Order, transfer or otherwise assign those subject domain names to EMI if the Enjoined Parties have not already done so.

G.    An order finding that, by the acts complained of above, Defendants have infringed EMI's federally-registered trademarks in violation of 15 U.S.C. § 1114.

H.    An order finding that, by the acts complained of above, Defendants have created a false designation of origin and false representation of association in violation of 15 U.S.C. § 1125(a).

I.    An order finding that, by the acts complained of above, Defendants have engaged in common law trademark infringement.

J.    An order finding that, by the acts complained of above, Defendants have engaged in common law unfair competition.

K.    An order awarding EMI damages as follows:

    i.    Pursuant to 15 U.S.C. § 1117(a), EMI's actual damages, as well as all of Defendants' profits or gains of any kind from its acts of trademark infringement, false designation of origin, and unfair competition, including a trebling of those damages; and

    ii.    Punitive damages pursuant to California common law.

L.    An order pursuant to 15 U.S.C. § 1117(a) finding that this is an exceptional case and awarding EMI its reasonable attorneys' fees.

M.    An order pursuant to 15 U.S.C. § 1117(a) awarding EMI all of its costs, disbursements, and other expenses incurred due to Defendants' unlawful conduct.

N.    An order awarding EMI pre-judgment interest.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\102661927.2

28

COMPLAINT
DEMAND FOR JURY TRIAL

O.     An order awarding EMI such other relief as the Court deems appropriate.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Dated:  August 31, 2018

Respectfully submitted,

LATHAM & WATKINS LLP

By /s/ *Perry J. Viscounty*
     Perry J. Viscounty

*Attorneys for Plaintiff*
ENTREPRENEUR MEDIA, INC.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

US-DOCS\102661927.2

29

COMPLAINT
DEMAND FOR JURY TRIAL